## COMMONWEALTH *vs.* WILLIAM N. TARR.

Adultery may be proved by the direct confession of a man charged with it, corroborated by evidence of an opportunity to commit the crime, and of his subsequent acts making it probable that he did commit it; and if such evidence has been introduced, and is undisputed, no exception lies to a refusal to instruct the jury that mere confessions of the defendant are not sufficient to warrant a conviction.

INDICTMENT for adultery with Susannah Miller.

At the trial in the superior court, John W. Marshall testified that, in September 1861, having heard that Susannah had recently given birth to a child, he asked the defendant if it was true that he was the father, to which the defendant replied that it was true, and added that in April 1860 they came in the same vessel from Cape Breton, and afterwards lived for some months at his father's in Rockport, and frequently occupied the same bed. A physician also testified that in September 1861 the defendant informed him that his wife was about to be confined, and requested his professional assistance, and afterwards summoned him to attend upon her, and he accordingly went to the house of the defendant's father, where Susannah resided, and attended upon her at her confinement. It was also proved or admitted that the defendant was previously married, and that his wife was living.

Evidence was introduced in defence tending to show that the defendant and Susannah did not come at the same time to the house of the defendant's father, but that she came alone in October 1860, from Gloucester, and had ever since made it her home there, and that she and the defendant's mother always slept together; and Susannah testified that the defendant never had carnal intercourse with her.

The defendant requested the court to instruct the jury that mere confessions of the defendant were not sufficient to warrant a conviction, without evidence *aliunde* that the crime had been committed; but *Ames,* J. declined so to rule, and instructed the jury that the confessions were competent, and if the jury, on all

the evidence, were satisfied that the defendant spoke the truth in making them, they might find him guilty.

The jury returned a verdict of guilty, and the defendant alleged exceptions.

*B. H. Smith*, for the defendant.

*Foster*, A. G., for the Commonwealth.

BIGELOW, C. J. The instructions given to the jury were accurate and well adapted to the case proved before the jury The question, whether it was competent to convict on the uncorroborated evidence of confessions of guilt by the defendant was an abstract one, not raised by the testimony offered in support of the prosecution, and on which the court was not properly required to express an opinion. The facts in proof — that the defendant resided in the same house with the woman ; that he had ready means of access to her ; that she was delivered of a child who was apparently a bastard ; that he applied to a physician some weeks prior to the birth of the child to attend her in her confinement, and then called her his wife — were all circumstances corroborative of his confession as testified to by the witness Marshall, and properly submitted to the jury, in connection with his admissions, as evidence of his guilt.

*Exceptions overruled.*